**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-20475
_____

JERRY L. LANDERS, ET AL,

                                                        Plaintiffs,

L.B. FOSTER COMPANY,

                                        Intervenor-Plaintiff-Appellant,

v.

DAWSON CONSTRUCTION PLANT LIMITED,

                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C.A. No. H-99-2516)
_____
February 12, 2001

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     In this diversity product-liability case, Intervenor-Plaintiff-Appellant L.B. Foster Company ("Foster") appeals the district court's dismissal of its claims against Defendant-Appellee Dawson Construction Plant Limited ("Dawson") for lack of personal jurisdiction.  Foster contends that Dawson, although a British

---

     [*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

company with its principal place of business in the United Kingdom, (1) purposefully established minimum contacts with Texas such that the exercise of jurisdiction over Dawson comports with the due process requirements of the Fourteenth Amendment, and that (2) the exercise of such jurisdiction comports with traditional notions of fair play and substantial justice.[1]  Having carefully considered the record, the arguments and briefs of counsel, and the opinion of the district court, we are satisfied that the motion to dismiss for lack of personal jurisdiction was properly granted, and accordingly we affirm the judgment of the district court for essentially the same reasons set forth in its well-reasoned opinion.

AFFIRMED.

---

[1]See Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 413 (1984).